**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**EUGENE RODNEY RODEBAUGH**                                                          **PETITIONER**
Reg # 18266-045

VS.                              NO. 2:13-CV-00011-DPM-BD

**ANTHONY HAYNES, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                                                                       **RESPONDENT**


**RECOMMENDED DISPOSITION**

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr.  Mr. Rodebaugh – or any party – may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

>   Mail your objections and "Statement of Necessity" to:
>
>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**II.  Background**

Petitioner Eugene Rodney Rodebaugh filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. (Docket entry #1) Mr Rodebaugh is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Complex in Forrest City, Arkansas.

In his petition, Mr. Rodebaugh complains that the BOP has designated him a Sex Offender Public Safety Factor ("PSF"), a designation that affects his "conditions of confinement, to wit, Petitioner has been denied transfer to a minimum security facility, and participation in other prison programs." (#1 at p. 2) He asks the Court to order the BOP to remove his Sex Offender PSF designation. (#1 at p. 7) For the reasons set forth below, the petition must be DISMISSED.

**III.  Discussion**

A federal habeas corpus petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570 (2005). "If 'it plainly appears from the petition [and any attached exhibits] . . . that the petitioner is not entitled to relief in the district court,'

the court must summarily dismiss the petition without ordering a responsive pleading." *Mayle v. Felix*, 545 U.S. at 656 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts). Rules 2 and 4 of the Rules Governing Section 2254 Cases are applicable to § 2241 petitions through Rule 1(b). *Antonelli v. Sanders*, No. 2:05cv00314, 2006 WL 897665, *2 (E.D. Ark. 2006) (citations omitted).

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489.

On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004). Of course, a federal prisoner may raise a challenge to his conditions of confinement in a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

Here, Mr. Rodebaugh clearly challenges his condition of confinement; he does not argue that he is being held in custody illegally. Based on records of an incident that occurred in 1983, when Mr. Rodebaugh was in a Missouri State Prison, the BOP designated him as a "Sex Offender PSF." (Docket entry #1 at p. 2) Mr. Rodebaugh

claims that, after he learned of the Sex Offender PSF designation, he pursued and exhausted an administrative grievance, claiming that the conduct described in the report from the Missouri State Prison incident did not fall within the conduct set forth in BOP policy statement 5100.08, a policy that requires imposition of a Sex Offender PSF designation. (#1 at p. 3)

In his grievance, and in this petition, Mr. Rodebaugh argues that the report of the Missouri incident shows only a "threat" of sexual contact rather than an "attempt" at sexual contact. Based on this distinction, he believes that his status as a Sex Offender PSF should be removed.

Mr. Rodebaugh attaches to his petition the response of the BOP's Central Office to his grievance. In its response, the BOP explains that Mr. Rodebaugh's status is based on his attempt to engage in sexual contact with another person without obtaining permission to do so. Further, the response notes, Mr. Rodebaugh's parsing of "attempt" versus "threat" is a distinction without a difference, given that the BOP treats "attempts" at sexual contact the same as if the sexual act or conduct had been completed. (#1 at p. 8)

Mr. Rodebaugh's petition should be dismissed for two reasons. First, he does not allege that he is in custody in violation of the United States Constitution or laws or treaties of the United States – a requirement for habeas corpus relief. 28 U.S.C. § 2241(c)(3). In fact, in the petition Mr. Rodebaugh complains that the Sex Offender PSF designation is affecting his conditions of confinement. The only consequences of the

designation that he mentions in his petition are that he has been denied transfer to a minimum security facility and he has not been allowed to participate in prison programs. Mr. Rodebaugh's claim cannot be considered a § 2241 habeas corpus action because it bears on the conditions of his confinement and not on the execution or length of his federal sentence.

Second, if Mr. Rodebaugh is complaining that the BOP has violated his due process rights by designating him as a Sexual Offender PSF, his petition still fails. The facts alleged in the petition do not amount to a denial of a liberty interest under the due process clause. Courts in this circuit and in others have specifically held that a BOP "PSF" designation does not implicate a constitutionally protected liberty interest affecting the length of confinement. Therefore, a § 2241 habeas corpus action is not the proper vehicle for challenging an allegedly incorrect PSF designation. See *e.g. Wilks v. Mundt*, 25 Fed. Appx. 492, 2002 WL 113837 (8th. Cir. 2002) (§ 2241 habeas petitioner's claim that BOP wrongfully refused to remove a Sex Offender PSF designation, thus making him ineligible to participate in a drug treatment program that could have resulted in his early release, "failed to implicate a protected liberty interest upon which he could base his procedural due process claim") (unpublished decision); *Day v. United States Dep't of Justice*, 275 Fed. Appx. 90 (3rd Cir. 2007) (district court did not err in rejecting claim of § 2241 habeas petitioner that assignment of Sex Offender PSF deprived him of liberty without due process because petitioner had "no liberty interest in the degree of his confinement") (unpublished decision); *Bazuaye v. Thompson*, 275 F.3d 55 (5th Cir. 2001) (§ 2241 habeas petition properly dismissed where petitioner claimed incorrect assignment

of a Deportable Alien PSF rendered him ineligible for possible early release through participation in a drug-treatment program); *Butler v. Outlaw*, No. 2:08cv00192-JLH/JTR, 2010 WL 797186, *2 (E.D. Ark. 2010)[1] (concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility.).

Mr. Rodebaugh has not alleged facts to support a challenge to the fact of his confinement or the length of his confinement; and a PSF designation does not implicate a constitutionally protected liberty interest.[2] Consequently, Mr. Rodebaugh's challenge to his Sex Offender PSF designation fails to state a claim under § 2241, and the petition should be summarily dismissed.

## IV. Conclusion

The Court recommends that Judge Marshall dismiss Eugene Rodney Rodebaugh's habeas corpus petition (#1), without prejudice, for lack of habeas corpus jurisdiction. See Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] On March 10, 2010, the District Judge set aside the March 9, 2010 order and judgment to address the objections filed by Butler. Following Respondent's response to the objections, the Court approved and adopted in its entirety the proposed findings and recommended disposition of the United States Magistrate Judge.

[2] If Mr. Rodebaugh wishes to challenge the conditions of his confinement, he must do so in a separate *Bivens* action which would be subject to the 1996 Prison Litigation Reform Act ("PLRA") and the PLRA's requirement that he pay the civil action filing fee of $350 rather than the $5 filing fee for habeas corpus petitions. A *Bivens* action is also subject to the PLRA's exhaustion provision set forth at 42 U.S.C. § 1997e(a), which requires dismissal of any action filed prior to exhaustion of administrative remedies. See *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002).

DATED this 12th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE